IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RAYMOND MATHIS, #140252, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:11-CV-302-TMH |
| ) | [WO] |
| ) | |
| MR. ELLS, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Raymond Mathis ["Mathis"], an indigent state inmate and frequent litigant before this court. In the instant complaint, Mathis challenges the adequacy of medical treatment provided to him for a rash during his confinement at the Draper Correctional Facility. *Complaint Doc. No. 1* at 3.

Pursuant to the orders of this court, the defendants filed a written report supported by relevant evidentiary materials in which they address the claim presented by Mathis. The report and evidentiary materials refute the self-serving, conclusory allegations presented by Mathis in the complaint. Specifically, the medical records compiled contemporaneously with the treatment provided by health care personnel to Mathis indicate that the defendants did not act with deliberate indifference to Mathis' skin condition; instead, the undisputed evidentiary materials filed by the defendants establish that attending health care personnel thoroughly examined Mathis regarding his complaints, closely monitored his condition, routinely evaluated the nature of his complaints and rendered medical treatment, including prescribing various types of medication and creams, pursuant to their professional judgment in an effort to alleviate the rash.

In light of the foregoing, the court issued an order directing Mathis to file a response to the defendants' written report. *Order of May 25, 2011 - Doc. No. 13*. The order advised Mathis that his failure to respond to the report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id*. The time allotted Mathis for filing a response in compliance with the directives of this order expired on June 13, 2011. In addition, the court recently entered an order requiring that on or before January 21, 2014 Mathis show cause why this case should not be dismissed for his failure to file a response in opposition to the defendants' written report. *Order of January 8, 2014 - Doc. No. 18*. As of the present date, Mathis has filed nothing in response to these orders. Thus, the court concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case is the proper course of action at this time. Mathis is an indigent individual. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Mathis' inaction in the face of the defendants' report and evidence suggests a loss of interest in the continued prosecution of this case. Moreover, the undisputed evidentiary materials submitted by the defendants, including but not limited to the medical records documenting relevant treatment provided to Mathis, indicate that no violation of the Constitution occurred. Finally, Mathis ignored the show cause order entered herein. It is therefore clear that any additional effort by this court to secure his compliance would be

unavailing. Consequently, the court concludes that the plaintiff's abandonment of his claims and his failure to comply with the orders of this court warrant dismissal of this case. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. Appx. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

    For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice. It is further

    ORDERED that on or before March 5, 2014 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

    Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit

handed down prior to the close of business on September 30, 1981.

Done this 18th day of February, 2014.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE